FILED

Dec 8  3:25 PM '03

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHARLES J. FORD<br>    Plaintiff<br><br>v.<br><br>NEW BRITAIN TRANS. CO.;<br>CITY OF NEW BRITAIN;<br>NEW BRITAIN POLICE DEPT.;<br>DAVID M. LORE<br>    Defendants | Case No. 3:03CV150 (MRK)<br><br><br><br><br><br>December 4, 2003 |

MOTION TO DISMISS

Pursuant to Federal Rules of Civil Procedure Rule 12(B), defendants City of New Britain and the New Britain Police Department (hereinafter referred to as the "City Defendants") move for dismissal[1] of the action as to the following:

    a) The City of New Britain and the New Britain Police Department for failure to state a claim upon which relief may be granted.

---

[1] This motion is being filed pursuant to the Gonorable Judge Mark R. Kravitz's order of November 17, 2003.

In support of their Motion to Dismiss, the City Defendants rely upon their memorandum of law attached hereto.

>DEFENDANTS CITY OF NEW BRITAIN
>and NEW BRITAIN POLICE DEPT.
>
>By Office of Corporation Counsel
>
>_____
>Irena J. Urbaniak
>Attorney for Defendants
>Office of the Corporation Counsel
>City of New Britain
>27 West Main Street
>New Britain, Connecticut 06051
>Tel. (203) 826-3420
>Federal Bar Number ct01322

CERTIFICATION

I hereby certify that on December 4, 2003, a copy of the above was mailed to the pro se plaintiff and other defendants:

Charles J. Ford
63 Walnut Street
New Britain, Connecticut 06051

John A. Blazi, Esq.
Law Offices of John A. Blazi
1138 West Main Street
Waterbury, Connecticut 06708

_____
Irena J. Urbaniak
Attorney at Law

-2-

FILED

Dec 8  3 25 PM '03

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

CHARLES J. FORD         :
     Plaintiff          :
                        :    Case No. 3:03CV150 (MRK)
     v.                 :
                        :
NEW BRITAIN TRANS. CO.; :
CITY OF NEW BRITAIN;    :
NEW BRITAIN POLICE DEPT.;:
DAVID M. LORE           :
     Defendants         :    December 4, 2003

MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

This Motion to Dismiss is brought pursuant to Federal Rules of Civil Procedure Rule 12(b).

I.   BACKGROUND

The amended complaint allegedly is brought in two counts. Count One alleges to be against the City of New Britain and the New Britain Police Department. Count Two alleges to be against David M. Lore and New Britain Transportation Company.

The plaintiff has charged the "City Defendants with Deprivation of Constitutional rights under color of law 42 USC §1983 FRCP 51 §1985, §52-577 willfull or intentional tort, amend 14th, §5, 13th, 15th, U.S.C.A. §241, §242 U.S.C.A., U.S.C.A. §621

et. seq.; equal rights - title 28 U.S.CA. §1981 A, B, C, §1981(A)I rights of recovery civil rights (2) Disability". (Amended Complaint, Paragraph 5.)

II. ANALYSIS

A. **THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AS TO THE CITY OF NEW BRITAIN AND NEW BRITAIN POLICE DEPARTMENT.**

The defendants City of New Britain and New Britain Police Department move under Rule 12(b)(6) to dismiss the complaint against the City of New Britain and New Britain Police Department because the complaint fails to state a claim against them upon which relief can be granted. The plaintiff has made no direct allegations against these City Defendants. While the Court, in ruling upon this motion must presume all factual allegations of the complaint to be true and all reasonable inferences are to be made in favor of the non-moving party, the Court is not to presume the truthfulness of legal conclusions and opinions which are asserted in the complaint as factual allegations. See, Allen v. Westpoint-Pepperell, Inc., 945 F.2d 40 (2nd Cir. 1991); Flemming v. Lind-Waldock & Co., 922 F.2d 20 (1st Cir. 1990)(Claim must be based upon specific allegations; where complaint alleges merely unsubstantiated inferences and conclusions, it is subject to dismissal for failure to state a claim.) Brice v. Dey, 604 F.2d

664, 666 (10th Cir. 1979), cert. denied, 444 U.S. 1086, 100 S.Ct. 1045, 62 L.Ed.2d 772 (1980)(The Court stated "[i]n order to justify an award of damages based on alleged violations of constitutional rights it is necessary specifically to identify those rights and mere conclusionary allegations are not adequate.")

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each averment be "concise, and direct." Fed. R. Civ. P. 8. "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995). The "complaint must at least sufficiently appraise a defendant of the charges asserted against it." Humpherys v. Nager, 962 F. Supp. 347, 350 (E.D.N.Y. 1997)(citation omitted). The complaint should provide a "statement of the circumstances, occurrence and events in support of the claim being presented." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §1215 at 145 (2d. ed. 1990). Complaints

containing only vague or conclusionary accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and, therefore, are subject to dismissal. <u>Simmons</u>, 49 F.3d at 86. <u>See</u>, <u>Alfare Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987)(Civil rights complaints "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple, and conclusionary statements are insufficient to state a claim under §1983.")

A review of the complaint shows that plaintiff has failed to plead any factual allegations against the City Defendants. Plaintiff has merely alleged conclusionary statements against the City of New Britain and the New Britain Police Department.

Plaintiff in his amended complaint has alleged only the following facts:

> "1. On May 11, 2000, at around 10 a.m. or 11 am, the Plaintiff, Charles J. Ford, was walking in a westerly direction along Myrtle Street, a public street in New Britain, Connecticut near the intersection of Main Street and stopped in preparation to board the bus.
> 2. At said time and place, the bus owned and operated by the Defendant, New Britain Transportation Company, and drivened by Dave M. Lore, was traveling in a westerly direction along Myrtle Street when it came to a stop while waiting for five other passengers first to board, I then went to board, on trying to enter, the bus driver closed the doors on my head, and eyeglasses causing me to suffer serious injuries and losses that are set forth."

Nowhere in his complaint does plaintiff plead factual allegations against the City of New Britain and New Britain Police Department supporting his conclusionary allegations. Plaintiff has failed to set forth any facts whatsoever showing how the City of New Britain and New Britain Police Department allegedly violated his rights.

For these reasons, dismissal of this complaint as to the City of New Britain and New Britain Police Department is appropriate.

III. CONCLUSION

For all the foregoing reasons, the City Defendants respectfully request that their Motion to Dismiss be granted.

```
                                DEFENDANTS CITY OF NEW BRITAIN
                                and NEW BRITAIN POLICE DEPT.

                                By Office of Corporation Counsel


                                Irena J. Urbaniak
                                Attorney for Defendants
                                Office of the Corporation Counsel
                                City of New Britain
                                27 West Main Street
                                New Britain, Connecticut 06051
                                Tel. (203) 826-3420
                                Federal Bar Number ct01322
```

CERTIFICATION

I hereby certify that on December 4, 2003, a copy of the above was mailed to the pro se plaintiff and other defendants:

Charles J. Ford
63 Walnut Street
New Britain, Connecticut 06051

John A. Blazi, Esq.
Law Offices of John A. Blazi
1138 West Main Street
Waterbury, Connecticut 06708

_____
Irena J. Urbaniak
Attorney at Law