UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLES J. FORD

PLAINTIFF

vs.

NEW BRITAIN TRANS. CO.;
CITY OF NEW BRITAIN;
NEW BRITAIN POLICE DEPT.;
DAVID M. LORE

CASE NO. 3-03CV150 (MRK)

DEFENDANT'S

MEMORANDUM OF LAW / IN OPPOSITION OF MOTION TO DISMISS IN SUPPORT OF THE PLAINTIFF

Pursuant to Federal Rules of Civil Procedure Rules 12(E), 12(B), the Plaintiff Pro. Se. Charles J. Ford move's in opposition of the Defendant's "City of New Britain and the New Britain Police Department" Motion to Dismiss dated December 4, 2003 action as to the following:

1) ISSUE

Plaintiff right's under amended complaint allegedly brought in two counts. Count one alleges to be against the City of New Britain and the New Britain Police Department. Count two alleges to be against David M. Lore and New Britain Transportation Company.

The plaintiff has charged the "City Defendants with Deprivation of Constitutional rights under Color of Law 42 USC §1983, §1985 FRCP 51 § 52-577 willfull or intentional tort, Amend 14th § 5, 13th, 15th, U.S.C.A. §241, §242 U.S.C.A., U.S.C.A. §621 et seq.; Equal Rights - title 28 U.S.C.A. §1981 A, B, C, §1981(A) I Rights of Recovery Civil Rights (2) Disability."

## II) ANALYSIS

A) The complaint fails to state a claim upon which relief may be granted as to the City of New Britain and New Britain Police Department.

The defendant's City of New Britain and New Britain Police Department move under Rule 12(B)6) to dismiss the complaint against the City of New Britain and New Britain Police Department because the complaint fails to state a claim against them upon which relief can be granted.

The defendant's in-response state that the plaintiff's amended complaint has alleged only the following facts: Paragraph 1, 2, they also in-response state that the plaintiff does not plead factual allegations against the City of New Britain and New Britain Police Department of supporting his conclusionary allegations, plaintiff has failed to set forth any facts whatsoever showing how the City of New Britain and New Britain Police Department allegedly violated his rights, for these reasons,

(2)

Factual allegations against the city of NEW BRITAIN and NEW BRITAIN POLICE DEPARTMENT supporting his conclusionary allegations, Plaintiff has failed to set forth any facts whatsoever showing how the city of NEW BRITAIN and NEW BRITAIN POLICE DEPARTMENT allegedly violated his rights. For these reasons, dismissal of this complaint as to the city of NEW BRITAIN and NEW BRITAIN POLICE DEPARTMENT is appropriate stated the Defendant's.

III) THE UNDERSIGNED REPRESENTS:

A) Paragraph 3 of the plaintiff's complaint lead's to failure to disclosure under Federal Rules of Civil Procedure Rule 56, A,C,D,E, FRCP 57, 58, title 28, U.S.C., § 2201, provided in Rules 38, and 39, subject provisions of Rules 54(B) 1, 2, FRCP counter claim and cross-claim Rule 13, 1,2,(A) B) C) O) F) 6) H) I]; Rule's 13, 14, Rule 56(E) to exhibit's Q,U,K,Z,T,H, etc, to the Defendant's city of NEW BRITAIN and the NEW BRITAIN POLICE DEPARTMENT.

B) Paragraph 4 of the plaintiff's complaint lead's to failure to disclosure, paragraph 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, "MOTION FOR SUMMARY JUDGMENT" and "Declaratory Judgment's", DEMAND FOR JURY TRAIL 38(A)]. Pursuant to Federal Rule's of Civil Procedure Rule 56, A,C,O,E, FRCP 57, 58, title

(3)

28, U.S.C., § 2201, provisions of Rules 54(B) 1, 2, FRCP Rules 13, 1, 2, (A), B), C), D), F), 6), H), I).; Rules 13, 14, Rule 56(E) to Exhibit's Q, U, X, Z, T, H, etc, to the Defendant's City of New Britain and the New Britain Police Department.

    C) <u>SUPPORTING AFFIDAITS AND MATERIALS OUTSIDE THE PLEADINGS</u>

(1) The Plaintiff, knowing is maintaing that the Defendant's be cited as:

  (2) Civil Right's Act of 1991 "42 U.S.C. 1981, section 1, sec. 2, ① ② ③ - sec. 3, purpose ① ② ③ ④

  (3) Federal Civil Rights remedies section 101, Title I, sec. 1977 Revised statutes 42 U.S.C. 1981 (1) A) 2) B) C)

  (4) 42 USC 1981 (A) Sec. 1977 A.(A)(1) Sec. 706 or 717 Civil Rights Act of 1964 (42 U.S.C. 2000 E (5) etc., (2) Disability Sec. 706 or 717 and Sec. 107(A) Americans with Disability Act of 1990 (42 USC 12117 A) 3) B) Punitive Damages 1, 2, 3, D, 4) Construction C) Jury Trial 1, 2, D, I) Defintions A) B) - (2) Discriminatory Practice, Sec. 103 Attorney's Fee's. Sec. 104. Definitions Sec. 701 Civil Rights Act of 1964 (42 USC 2000-6 (1) M/N). Sec. 105, 106, 107, 108, 118.

  (5) §2000(A) or (A) B) or (B) 1, 2, 3, 4., 2000E16, 2000E-1, 2, 4.

  (6) §2000 (A)-2 or 2000 A or 2000 A)-1. 42 §2000 A)-2, 1, 2, 3, 4, 5, 6, statutory or non-statutory prosecutions, "1988 proceeding in vindication of civil rights (A) 7). Sec. 626 of title 29, Labor, and proceeding §28 U.S.C.§1343, §28 USC §1391, §28 USC 1332, §42-3611, Amend XIV, §1, Amend 14 of §5, Art 4, Sec. 2, cl. 1.

  (7) The Plaintiff charges Officer's Gary Riley, Milton Riley, Lut. Petano, Det. Philpes, Igwaik, Wytas, Gallo, St. Maris, Raymond Zisk, Gaspar, Morales, Chutes, Sutues, Oaks, Debbie Bettolini, Casa, with §53A-59 Assault 1st Degree /A) B, Class B Felony.

        ④

## CONCULSION

D) WHEREFORE, the Plaintiff, claims of the complaint dated September 29, 2003., rest in the hand's of the court trial's or DISMISS of the complaint in favor of Defendant's.

PLAINTIFF, PRO. SE.
CHARLES J. FORD
*Charles J. Ford*
P.O. Box 693
NEW BRITAIN, CT. 06050
TEL-860-229 3317

## ORDER

The foregoing being heard by the court it is hereby GRANTED / DENIED.

## CERTIFICATION

I certify that on December 15, 2003, copies of all abouis was mailed to all parties of records, Defendant's and UNITED STATES DISTRICT COURT OF CONNECTICUT 141 CHURCH STREET, NEW HAVEN, CT. 06510.

1) IRENA JODWIGA URBANIAK, ESQ.
CORPORATION COUNSEL'S OFFICE
CITY OF NEW BRITAIN
27 W. MAIN STREET
NEW BRITAIN, CT, 06051

2) JOHN A. BLOTI, ESQ.
1138 W. MAIN STREET
WATERBURY, CT. 06708

DECEMBER 15, 2003

CHARLES J. FORD
*Charles J. Ford*
P.O. Box 693
NEW BRITAIN, CT. 06050
TEL-860-229 3317

(5)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLES J. FORD

PLAINTIFF

VS.

NEW BRITAIN TRANS. CO.;
CITY OF NEW BRITAIN;
NEW BRITAIN POLICE DEPT;
DAVID M. LORE

CASE NO. 3-03CU150 (MRK)

DEFENDANT'S

MEMORANDUM OF LAW / IN OPPOSITION OF
MOTION TO DISMISS IN SUPPORT OF
THE PLAINTIFF

Pursuant to Federal Rules of Civil Procedure Rules 12(E), 12(B), the Plaintiff Pro. Se. Charles J. Ford moves in opposition of the Defendant's "City of New Britain and the New Britain Police Department" motion to Dismiss dated December 4, 2003 action as to the following:

A) The Defendant's City of New Britain and New Britain Police Department "City Defendant's claim of the Plaintiff Pro. Se. Charles J. Ford Fails to state a claim upon which relief may be granted as to the "City Defendant's" motion to Dismiss dated December 4, 2003.

Plaintiff's memorandum of law attached hereto; in support of motion not to dismiss.

PLAINTIFF PRO SE
CHARLES J. FORD
*Charles J. Ford*
P.O. Box 693
NEW BRITAIN, CT. 06050
TEL-860-2293317

## CERTIFICATION

I hereby certify that on December 15, 2003, a copy of the above was mailed to the parties of records, Defendant's and the UNITED STATES DISTRICT COURT OF CONNECTICUT 141 CHURCH STREET, NEW HAVEN, CT. 06510.

1) IRENA JADWIGA URBANIAK, ESQ.
CORPORATION COUNSEL'S OFFICE
CITY OF NEW BRITAIN
27 W. MAIN STREET
NEW BRITAIN, CT. 06051

2) JOHN A. BLAZI, ESQ.
1138 W. MAIN STREET
WATERBURY, CT. 06708

CHARLES J. FORD
*Charles J. Ford*
P.O. BOX 693
NEW BRITAIN, CT. 06050
TEL-860-2293317

(2)