UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHARLES J. FORD
    US.    PLAINTIFF

NEW BRITAIN TRANS. CO;
    DEFENDANT'S

CIVIL NO. 3-03-150 (MRK)

FILED 2004 NOV -2 P 3: 14 U.S. DISTRICT COURT NEW HAVEN, CT

MEMORANDUM OF LAW / THE PLAINTIFF
JUDGMENT BY DEFAULT

THE PLAINTIFF, CHARLES J. FORD pursuant to Federal Rules of Civil Procedure Rules (7, A,) 1, 2, Rules 55 A), B), 1, 2, failure to plead, or otherwise defend by affidavit or fact's and rule's appear.

THE PLAINTIFF, move's the court and the Defendant's to answer the Plaintiff's amened complaint dated June 5, 2004.

THE PLAINTIFF, move's for an order by the court to the Defendant's, "MOTION FOR Judgment by Default" against the Defendant's NEW BRITAIN TRANSPORTATION Company and DAVID M. LORE.

I) THE PLAINTIFF'S, right's under the amended complaint allegedly brought in two count's.

    A) ISSUE

Plaintiff's right's under amended complaint count one alleges to be against the NEW BRITAIN TRANSPORTATION Company and DAVID M. LORE "JURISDICTIONAL

Allegation in Action Brought pursuant to 28 U.S.C. §§1331 + §§1331(A) §1343, with the State Department of Nurses Asso. criminal assualt, U.N.A. Visiting Nurses Association Conn., Veteran's Administration Nurses, "Det. Petano-Lut.

B) Plaintiff's right's under amended complaint count two alleges to be against the New Britain Trans. Company and David M. Lore "Jurisdictional allegation brought pursuant to §52-577 wilfull or intentional tort's" C.G.S. §52-557(N)-§52-557(6)N), C.G.S. §14-295 Double or Treble Damages, Town Hall City of New Britain, Connecticut is legally viable and suit's brought under pursuant section §1986, §1985(3) 42 U.S.C., §1343, "Neglecting to prevent conspiratorial wrongs, tort's, Bivens Doctrine.

C) The Plaintiff has charged the Defendant's with Deprivation of constitutional rights under color of law 42 U.S.C. §1983, §1985, cruel and unusual punishment, ① First Amendment expression §1986-§1985(3) ② Parties protected §1985(1). ③ The Plaintiff has charged the Defendant's with 5th of the 14th amendment, 4th unreasonable searches and seizures 5th, 6th, 7th, 11th, 13th, 15th, ④ Negligence §14-704-A-1,2, under chapter 135 Carrier's and Broker's §14-102, §14-103,) ⑤ Negligence pursuant to C.G.S. section §14-243, §14-241, §14-232, ⑥ 28 U.S.C.A. §1981(A)-A,B,C. ⑦ under Title II of the Civil Rights Act of 1964, section 2000(A), 2000(A)b)2, 2000(A)C), 2000(b)3,4, 2000 A-1), 2000(A)-2) of Title 42 U.S.C.A §18-242, U.S.C.A. §18-241, U.S.C.A. §29-621 et. seq;.

②

## II) ANALYSIS

A) The Defendant's state that the Plaintiff's complaint fails to state a claim, based on lack of subject matter jurisdiction, ① also that the plaintiff filed the aforementioned civil action on January 22, 2003, two years and eight months after the alleged incident occurred on May 11, 2000, time barred. ② The Defendant's claim the Plaintiff alleges no factual basis to support his claims of violations of the United States Constitution or Federal Civil Rights Laws, and do not rise to the level of discrimination based on class, gender or race.

B) The Defendant's moved to dismiss the complaint under C.G.S. §52-584' two year statute of limitations and are time barred and that the complaint fails to state a claim against them upon which relief can be granted.

## III) THE UNDERSIGNED REPRESENTS

A) The Plaintiff, represents pursuant to Federal Rules of Civil Procedure rules (7,A),1,2, rules 55(A),B),1,2, Failure to plead, or otherwise defend by affidavit or fact's and rule's appear.

B) The Plaintiff, represents pursuant to rule Federal Connecticut pratice (12-A)1, defenses and objections, when and how presented, by pleading or motion.

C) The Plaintiff, move's pursuant to FRCP rules Civil procedure rule (12-A),1) Rule 37,A,B,C,1)2)D Failure to Disclose; Rule 41,A)1,2, B)C)D, cost's of previously dismissed action.

③

SUPPORTING AFFIDAITS / MATERIALS OUTSIDE
THE PLEADING

IV) THE PLAINTIFF MOVE'S PURSUANT CONSITUTION AMEND XIV § 1 (3A), 10A), 13A), NEGLIGENCE, SECTION 2, CLAUSE 1, PRIVILEGES AND IMMUNITIES, THE DECLORATORY JUDGMENT ACT, 28 U.S.C. § 2201, THE AMERICANS with DISABILITIES ACT, 42 U.S.C. § 12101 et. seq 2 of the 13TH AMENED POWERS AT BLACK FREEDOM § 12212 - ALTERNATIVE MEANS OF DISPUTE RESOLUTION § 12213 INTEREST PROTECED UNDER THE 4TH AMEND TO the CONSTITUTIONAL OF the UNITED STATES to be FREE FROM UNREASONABLE SEARCHES AND SEIZURES FREEDOM OF INFORMATION ACT SECTION 1-210, NEW BRITAIN POLICE - DET. PETANO - LUT.

## VENUE

V) VENUE IN this district is ALSO PROPER UNDER § 2000 E (2) 5) 3) CLAIMS BROUGHT UNDER AMERICANS with DISABILITIES ACT by VIRTUE OF 42 U.S.C. § 12117(A), UNDER U.S.C.S. SECTION (1)(2) ARTICLE IV TITLE 42 SECTION 3612, VENUE SECTION (1391) A, B, C, E, 1, 2, 3, 1332 C, § 2000 E, § 2000 E-1-16.

## CONCULSION

VI) WHEREFORE the PLAINTIFF CLAIMS OF the AMENDED COMPLAINT DATED JUNE 5, 2004, REST IN the HANDS OF the COURT TRAILS OR DISMISS OF the COMPLAINT IN FAVOR OF the DEFENDANT'S.

ORAL ARUG NOT REQ.
TESTIMONY NOT REQ.

CHARLES J. FORD
Charles J. Ford
P.O. BOX 693 - 06050
NEW BRITAIN, CT.    (4)
TEL 860-229 3317

ORDER

THE FOREGOING HAVING BEEN CONSIDERED BY THE COURT IT IS HEREBY ORDER: SUSTAINED / OVERRULED

BY THE COURT
_____
JUDGE / CLERK

CERTIFICATION

I hereby certify that on Oct. 31, 2004 the foregoing was mailed to all parties of record, and to the UNITED STATES DISTRICT COURT CLERK'S OFFICE 141 CHURCH STREET NEW HAVEN, CT. 06510.

1) IRENA JADWIGA URBANIAK ESQ.
   CORPORATION COUNSEL'S OFFICE
   CITY OF NEW BRITAIN
   27 W. MAIN STREET
   NEW BRITAIN, CT. 06051

2) JOHN A. BLAZI, ESQ.
   1138 W. MAIN STREET
   WATERBURY, CT. 06708

3) MICHEAL P. FARREL, ESQ.
   201 CENTER STREET
   WEST HAVEN, CT. 06510

CHARLES J. FORD
Charles J. Ford
P.O. BOX 693
NEW BRITAIN CT. 06050
TEL - 860 - 229-3317

(5)