UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHARLES J. FORD, | : | |
| | : | |
| Plaintiff, | : | NO.   3:03cv150 (MRK) |
| | : | |
| v. | : | |
| | : | |
| NEW BRITAIN TRANS. CO., | : | |
| CITY OF NEW BRITAIN, | : | |
| NEW BRITAIN POLICE DEPARTMENT, | : | |
| DAVID M. LORE, | : | |
| | : | |
| Defendants. | : | |

**RULING AND ORDER TO SHOW CAUSE**

Currently pending before the Court are Plaintiff's three Motions to File an Amended Complaint [docs. ## 71, 73, 75], and Plaintiff's Motion for Default Entry [doc. #76] pursuant to Rule 55(a) of the *Federal Rules of Civil Procedure* against Defendants New Britain Trans. Co. and David M. Lore for failing to respond in a timely manner to Plaintiff's motions and other submissions to the Court. The Court addresses Plaintiff's motions as follows.

**1.      Plaintiff's First Two Motions to File an Amended Complaint [docs. ##71, 73]**

The Court notes at the outset that Plaintiff has been allowed to amend his complaint twice before. *See* Endorsement Dated Aug. 18, 2003 of Recommended Ruling [doc. #42]; Order dated Nov. 17, 2003 [doc. #52]. In this Court's Order dated April 2, 2004 [doc. #70], the Court dismissed all of Plaintiff's claims for failing to state a claim upon which relief may be granted, and allowed Plaintiff to amend and re-file his complaint a third time, if he filed his amended complaint within fourteen days of the Court's Order (that is, by April 16, 2004). Subsequently,

Plaintiff filed three Motions to File an Amended Complaint [docs. ##71, 73, 75], and two different Amended Complaints.  One Amended Complaint is dated April 23, 2004 and has already been docketed [doc. #72].  The other Amended Complaint is dated June 5, 2004 and is attached to Plaintiff's most recent Motion to File an Amended Complaint [doc. #75].  Apparently, the Amended Complaint dated April 23, 2004 [doc. #72] concerns only Defendants City of New Britain and New Britain Police Department, while the Amended Complaint dated June 5, 2004 [attached to doc. #75] concerns only Defendants New Britain Trans. Co. and David M. Lore.

Defendants City of New Britain and New Britain Police Department filed an Objection to Plaintiff's Amended Complaint [doc. #74], which correctly pointed out that Plaintiff's filing of his Motion to File an Amended Complaint [doc. #71] on April 23, 2004 was untimely by seven days.  Defendants New Britain Trans. Co. and David M. Lore apparently do not oppose Plaintiff's motions to amend his complaint, having never filed an objection.

Though tardy, the Court nonetheless GRANTS Plaintiff's first two Motions for Leave to Amend his Complaint [docs. ##71, 73].  The Court shall consider the already docketed Amended Complaint dated April 23, 2004 [doc. #72] the operative complaint against Defendants City of New Britain and New Britain Police Department.

2.     **Plaintiff's Amended Complaint dated April 23, 2004 [doc. #72]**

In their Objection [doc. #74], Defendants City of New Britain and New Britain Police Department re-asserted their argument from their original Motion to Dismiss [doc. #56] that Plaintiff's Amended Complaint fails to make legally viable allegations against them that could give rise to damages.  Accordingly, the Court shall address the substance of Plaintiff's Amended Complaint dated April 23, 2004 [doc. #72] against Defendants City of New Britain and New

Britain Police Department.

The Second Circuit has repeatedly cautioned, "[s]ince most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, [courts] must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Taylor v. Vermont Dept. of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002). The Court must "interpret [the Complaint] to raise the strongest arguments [it] suggest[s]." *Wright v. C.I.R.*, 381 F.3d 41, 44 (2d Cir. 2004). Plaintiff's case against Defendants City of New Britain and New Britain Police Department arises from an alleged incident between Plaintiff and these Defendants on January 29, 1990, in which Plaintiff claims that he suffered physical harm at the hands of these Defendants. Plaintiff's Amended Complaint dated April 23, 2004 [doc. #72] alleges a wide array of constitutional and statutory violations related to this January 29, 1990 incident, brought under various statutes and doctrines, including 42 U.S.C. §§ 1981, 1983, 1985, 1986, the *Bivens* Doctrine, and Title II of the Civil Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000a, *et seq*.

According to the Second Circuit, "[a] plaintiff's claims can be dismissed for failure to state a claim only if [the court] find[s] that 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Davis v. Goord*, 320 F.3d 346, 350 (2d Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Unfortunately for Plaintiff, regardless how the Court characterizes his claims arising from the alleged incident on January 29, 1990, they all fail to state a claim against Defendants City of New Britain and New Britain Police Department for which relief may be granted.

To begin, the majority of Plaintiff's claims in his Amended Complaint dated April 23,

2004 [doc. #72] are untimely. According to the Supreme Court, courts should look to state statutes for the most appropriate statute of limitations for all § 1981 and § 1983 actions. *See Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (addressing § 1981 actions); *Wilson v. Garcia*, 471 U.S. 261, 275 (1985) (addressing § 1983 actions).[1] In Connecticut, the applicable statute of limitations for § 1981 and § 1983 actions (which is found in Conn. Gen. Stat. § 52-577) is three years. *See Holt v. KMI-Continental, Inc.*, 95 F.3d 123, 131 (2d Cir. 1996) (addressing Connecticut's statute of limitations for § 1981 claims); *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d Cir. 1994) (addressing Connecticut's statute of limitations for § 1983 claims). The three year statute of limitations for § 1983 actions also applies to *Bivens* actions and § 1985 actions. *See Chin v. Bowen*, 833 F.2d 21, 23-24 (2d Cir. 1987) (addressing *Bivens* actions); *Meyer v. Frank*, 550 F.2d 726, 727 (2d Cir. 1977) (addressing § 1985 actions). Section 1986 has an explicit one year statute of limitations. *See* 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). Therefore, the statute of limitations governing Plaintiff's claims

---

[1] Three years after the Supreme Court decision in *Goodman*, Congress enacted a catchall four year statute of limitations for actions arising under federal statutes without explicit statutes of limitations enacted after December 1, 1990. *See* 28 U.S.C. § 1658. The Supreme Court recently clarified the reach of this catchall four year statute of limitations, and applied it to post-December 1, 1990 amendments to existing statutes that created new claims or causes of actions, such as the Civil Rights Act of 1991 amendments to § 1981. *See Jones v. R.R. Donnelley & Sons Co.*, 124 S.Ct. 1836, 1845 (2004) ("We conclude that a cause of action 'aris[es] under an Act of Congress enacted' after December 1, 1990 – and therefore is governed by [28 U.S.C. § 1658]'s 4-year statute of limitations – if the plaintiff's claim against the defendant was made possible by a post-1990 enactment."). The Court has no reason to believe that Plaintiff is asserting claims under the Civil Rights Act of 1991 amendments to § 1981, or any other post-December 1, 1990 amendments to existing federal statutes without explicit statutes of limitation. However, even if Plaintiff's claims were made possible by a post-1990 enactment or amendment by Congress without a statute of limitations, and as such would have the catchall four year statute of limitations under 28 U.S.C. § 1658, they would still be time barred.

under §§ 1981, 1983, 1985, and 1986 as well as his *Bivens* claim range from one year to three years.

While state law supplies the statute of limitations for Plaintiff's claims, federal law determines when a federal claim accrues, and a "claim accrues when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001). It is apparent from Plaintiff's Amended Complaint that Plaintiff knew he was harmed on January 29, 1990, though he waited to file this action until January 22, 2003 – approximately thirteen years later.[2] Therefore, all of Plaintiff's claims related to the January 29, 1990 incident arising under §§ 1981, 1983, 1985, 1986, and *Bivens* are barred by the applicable statute of limitations and can be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's claim under Title II may not, in fact, be untimely. According to the Supreme Court in *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400 (1968), "[w]hen a plaintiff brings an action under [Title II], he cannot recover damages," and therefore may only seek injunctive relief. *Id.* at 402 (cited in *Powell v. National Bd. of Medical Examiners*, 364 F.3d 79, 86 (2d Cir. 2004)); *see also* 42 U.S.C. § 2000a-3(a) ("[A] civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order, may be instituted by the person aggrieved" by alleged violations of Title II); 42 U.S.C. § 2000a-6(b) ("The remedies provided in this subchapter shall be the *exclusive* means of enforcing the rights based on this subchapter.") (emphasis added). Because we must construe Plaintiff's

---

[2] Paragraph I.A of the Amended Complaint dated April 23, 2004 [doc. # 72], at 3, does allege in conclusory fashion that Defendants are "all guilty of criminal assault from the year 1990 thru 2004." However, the Amended Complaint's allegations of actionable conduct relate solely to an alleged assault in 1990. There are no allegations in the Amended Complaint that would permit the Court to conclude that Defendants' conduct continued through 2004.

claim under Title II as solely seeking the equitable remedy of injunctive relief, statute of limitations do not apply to this claim. *See, e.g.*, *Holmberg v. Armbrecht*, 327 U.S. 392, 396 (1946) ("Traditionally and for good reasons, statutes of limitation are not controlling measures of equitable relief.").[3]

Therefore, Plaintiff's claim under Title II may still be timely. However, the claim nonetheless fails because the Amended Complaint dated April 23, 2004 [doc. #72] does not set forth even the barest of facts to support such a Title II claim. Title II prohibits discrimination in places of public accommodation on the basis of race, color, religion, or national origin. *See* 42 U.S.C. § 2000a ("All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin."); *see generally Heart of Atlanta Motel, Inc. v. United States*, 379 U.S. 241, 250 (1964) ("[T]he fundamental object of Title II was to vindicate the deprivation of personal dignity that surely accompanies denials of equal access to public establishments.") (internal quotations omitted). Plaintiff's Amended Complaint dated April 23, 2004 [doc. #72] – which

---

[3] Though statute of limitations do not apply to claims seeking solely equitable relief, the doctrine of laches conceivably could be applied to Plaintiff's claim under Title II. *See, e.g.*, *Swan v. Board of Higher Ed. of City of New York*, 319 F.2d 56, 59-60 n.5 (2d Cir. 1963) ("[W]e have considered whether, because his complaint seeks not damages but rather declaratory and injunctive relief, it should be considered solely 'equitable' and hence as governed not by a statute of limitations but rather by the doctrine of laches.") (citing *Holmberg*, 327 U.S. at 395-396). Laches is an "equitable defense that bars a plaintiff's equitable claim where he is guilty of unreasonable and inexcusable delay that has resulted in prejudice to the defendant." *Ikelionwu v. United States*, 150 F.3d 233, 237 (2d Cir. 1998) (internal quotations omitted). Though Defendants do not assert a claim of laches, the Court notes that "[a] party asserting the defense of laches must establish that: (1) the plaintiff knew of the defendant's misconduct; (2) the plaintiff inexcusably delayed in taking action; and (3) the defendant was prejudiced by the delay." *Id.*

solely concerns alleged physical abuse by Defendants City of New Britain and New Britain Police Department against Plaintiff on a public street – does not allege a single fact nor mention a single instance when these Defendants denied Plaintiff the full and equal enjoyment of a place of public accommodation on account of his race, color, religion, or national origin.  Therefore, it appears to this Court "beyond doubt" that the Plaintiff can prove no set of facts in support of his Title II claim which would entitle him to relief.  *Davis*, 320 F.3d at 350.

Because all of Plaintiff's claims fail to state a claim upon which relief may be granted, Plaintiff's Amended Complaint dated April 23, 2004 [doc. #72] against Defendants City of New Britain and New Britain Police Department is DISMISSED with prejudice.  The Court dismisses Plaintiff's claims against these Defendants with prejudice because Plaintiff has now had three opportunities to file an amended complaint and has still been unable to state a viable claim against them.

**3.      Plaintiff's Third Motion to File an Amended Complaint [doc. #75] and Motion for Default Entry [doc. #76]**

The Court also GRANTS Plaintiff's Motion to File an Amended Complaint [doc. #75] and instructs the Clerk of the Court to docket the Amended Complaint dated June 5, 2004 [attached to doc. #75].  The Court will consider this Amended Complaint dated June 5, 2004 the operative complaint against Defendants New Britain Trans. Co. and David M. Lore, because this Amended Complaint apparently only asserts claims against these Defendants arising from an alleged incident on May 11, 2000, on a bus operated by theses Defendants.  To the extent that the Amended Complaint dated June 5, 2004 [attached to doc. #75] purports to assert claims against Defendants City of New Britain and New Britain Police Department, those claims have already

been dismissed with prejudice above.

Inexplicably, Defendants New Britain Trans. Co. and David M. Lore, both of whom have appeared in this action, have not responded to any of Plaintiff's submissions to the Court filed since April 2004, including the Amended Complaint dated June 5, 2004 [attached to doc. #75]. Therefore, Defendants New Britain Trans. Co. and David M. Lore shall have until **January 14, 2005** to show cause why Plaintiff's Motion for Default Entry [doc. #76] should not be granted, and to respond to Plaintiff's Amended Complaint dated June 5, 2004 [attached to doc. #75].

**4.     Summary**

In sum, the Court GRANTS Plaintiff's Motions to File an Amended Complaint [docs. ##71, 73, 75], and instructs the Clerk of the Court to docket the Amended Complaint dated June 5, 2004, which is attached to Plaintiff's most recent Motion to File an Amended Complaint [doc. #75].  The Court DISMISSES with prejudice all of Plaintiff's claims against Defendants City of New Britain and New Britain Police Department set forth in the Amended Complaint dated April 23, 2004 [doc. #72] (as well as any claims against these defendants in the Amended Complaint dated June 5, 2004 [attached to doc. #75]) for failure to state a claim upon which relief may be granted.  Accordingly, judgment shall enter for Defendants City of New Britain and New Britain Police Department dismissing all Plaintiff's claims against these defendants with prejudice. Defendants New Britain Trans. Co. and David M. Lore are the only remaining defendants in this case, and Plaintiff's only remaining claims against these defendants are found in the Amended Complaint dated June 5, 2004 [attached to doc. #75].

The Court reserves ruling on Plaintiff's Motion for Default Entry against Defendants New Britain Trans. Co. and David M. Lore [doc. #76] until receipt of a response by **January 14, 2005**

from these Defendants addressing both why default should not enter against these Defendants, and the issues raised in Plaintiff's Amended Complaint dated June 5, 2004 [attached to doc. #75].

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: December 21, 2004.**