FILED

2005 JAN 13 P 1: 51

U.S. DISTRICT COURT
NEW HAVEN CT

UNITED STATED DISTRICT COURT

DISTRICT OF CONNECTICUT

MRK

| | |
|---|---|
| CHARLES J. FORD | : |
|     Plaintiff | :    CASE NO. 3:03 CV 150 (RNC) |
| | : |
| vs. | : |
| | : |
| NEW BRITAIN TRANS. CO.; | : |
| CITY OF NEW BRITAIN; | : |
| NEW BRITAIN POLICE DEPT.; | : |
| DAVID M. LORE | : |
|     Defendants | :    JANUARY 13, 2005 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

**Facts:**

This lawsuit arises from an incident that occurred on May 11, 2002 at approximately 10:00 a. m. At said time the Plaintiff, CHARLES FORD, was boarding a New Britain Transit Bus at the intersection of Myrtle and Main Streets in New Britain, Connecticut. The Plaintiff alleges that while he was attempting to board the aforementioned bus the driver, DAVID LORE, shut the bus doors on Mr. Ford's head and caused him injury.

On January 22, 2003 the Plaintiff brought a civil action in Federal Court against New Britain Transportation Company, DAVID LORE, the driver of the bus, The City of New Britain and the New Britain Police Department.

The Plaintiff's complaint is brought in two counts. The First Count is brought against New Britain Transportation Company and alleges negligence. The Second Count is brought against DAVID LORE and the NEW BRITAIN POLICE DEPARTMENT and alleges, "Deprivation of Constitutional Rights Under Color of Law 42 U.S.C. 1983; FRCP 1985". (See complaint dated January 22, 2003, Second Count).

**Law and Argument**

"A motion to dismiss is the procedurally proper method to raise the issue of lack of subject matter jurisdiction." *Connecticut Practice Book* 10-31. "In ruling on a Motion to Dismiss, the court must construe the facts alleged in the complaint, including those necessarily implied from the allegations, in a manner most favorable to the plaintiff." *Pamela B. Ment*, 244 Conn. 296, 308 (1998).

The Plaintiff brought the present action in two counts. The First Count, against NEW BRITAIN TRANSPORTATION, alleges negligence. The Second Count, against DAVID LORE and the NEW BRITAIN POLICE DEPARTMENT, purports to be brought pursuant to 42 U.S.C. 1983; FRCP 1985, yet in reality it also alleges negligence.

The incident on which the Plaintiff bases his civil action, *Charles Ford vs.*

*New Britain Transportation, ET AL* Case No. 3:03 CV 150 (RNC), occurred on May 11, 2000. The Plaintiff filed the aforementioned civil action on January 22, 2003, two years and eight months after the alleged incident occurred. The Plaintiff has missed the two year statute of limitations by eight months, as such he has no standing to bring the present action and the Defendant's, NEW BRITAIN TRANSPORTATION and DAVID LORE, Motion to Dismiss should be granted.

Connecticut General Statute 52-584* imposes a two year statute of limitations for actions to recover damages that result from negligence. The case of *DelChario v. Connecticut Co.*, stated that the statute of limitations C.G.S. 866 f, the predecessor to C.G.S. 52-584, was applicable to an action by a passenger to recover damages from a street railway, for injuries caused by the negligence of the railway servant's "in not keeping a proper lookout". The allegations in *DelChario*, are very similar to Mr. Ford's allegations in the present action. As such, Mr. Ford's allegation in negligence against the Defendants, NEW BRITAIN TRANSIT COMPANY and DAVID LORE are time barred, pursuant to C.G.S. 52-584.

---

* 52-584 states in relevant portion, "No action to recover damages for injury to the person, or to real or personal property, caused by negligence,....shall be brought but within two years from the date when the injury is first sustained or discovered....

Moreover, the plaintiff alleges no factual basis to support his claims of violations of the United States Constitution or federal civil rights laws. "In order to justify an award of damages based on alleged violations of constitutional rights is necessary specifically to identify those rights and mere conclusory allegations are not adequate. *Brice v. Day*, 604 F.2d 664, 666 (10th Cir. 1979), cert. denied, 444 U.S. 1086, 100 S.C.T. 1045, 62 L.Ed.2d 772 (1980). The allegations of the Complaint are based in theory of negligence, and do not rise to the level of discrimination based on class, gender or race.

Even assuming, argumento, that the Second Count of the Complaint viewed as alleging a violation of USC 1983, the claims are still time barred by C.G.S. 52-584. "Civil Rights, use statute of limitations for personal injury claims for all 1983 claims." *Wilson v. Garcia*, 105 S. Ct. 1983, 471 U.S. 261, 85 L.Ed.245.

Moreover, a federal claim can only be asserted against public officials acting under the color of law. "To state a viable claim pursuant to USC 1983, a plaintiff must allege facts that indicate that the defendant has acted under color of state law to deprive him of a constitutionally or federally protected right." Mercer v. Brunt, 299 F. Supp.2d 21, citing 42 U.S.C.A. § 1983. Nowhere in the plaintiff's complaint does he allege that New Britain Transportation of David Lore were public

officials acting under the color law. Nor can the court find any facts to support that New Britain Transportation or David Lore were public officials acting under the color of law.

The defendants, New Britain Transportation and David Lore specifically adopt, as a bases for dismissing the plaintiff's claims, the court's reasoning as set out in pages two through seven of its ruling dated December 24, 2004.

In conclusion, the Defendants, NEW BRITAIN TRANSIT COMPANY and DAVID LORE, respectfully request that their Motion to Dismiss be granted.

FOR THE DEFENDANTS:

_____
John A. Blazi, Esq.
Law Offices of John A. Blazi
180 Church Street
Naugatuck, Connecticut 10770
(203) 720-7676
Federal Bar #CT 01392

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed this date, by U. S. Mail, postage prepaid, on January 12, 2005 to:

Charles J. Ford
63 Walnut Street
New Britain, CT. 06051

Irena J. Urbaniak, Esq.
Office of Corporation Counsel
City of New Britain
27 West Main Street
New Britain, CT. 06051

Michael Farrell, Esq.
201 Center Street
West Haven, CT 06516

Jeffery F. Lahr, Esq.
Del Sol & Del Sol, LLC
46 South Whittlesey
Wallingford, CT 06492

Jeffery A. Dempsey, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06106

John A. Blazi, Esq.
Law Offices of John A. Blazi
180 Church Street
Naugatuck, CT. 06770
(203) 720-7676
Federal Bar #CT 01392