**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

CHARLES FORD                        :
            Plaintiff,        :
VS.                                 :        NO: 3:03 CV 150 (MRK)
                          :
NEW BRITAIN TRANSPORTATION          :
COMPANY, CITY OF NEW BRITAIN,       :
NEW BRITAIN POLICE DEPT. AND        :
DAVID M. LORE                       :
            Defendants        :        JANUARY 13, 2005

## DEFENDANTS' NEW BRITAIN TRANSPORTATION CO. AND DAVID LORE RESPONSE TO ORDER TO SHOW CAUSE

### PROCEDURAL HISTORY

Pro se plaintiff Charles Ford, originally brought suit against the defendants New Britain Transportation Co. and David Lore only in Connecticut State Court, Judicial District of Hartford at New Britain for an incident that occurred on May 11, 2000. (See Exhibit "A") The defendants New Britain Transportation Co. and David Lore filed an Answer to plaintiff's complaint in State Court. (See Exhibit "B") While the case was pending in State Court, the plaintiff attempted to cite in a number of other defendants, including some of the defendants who were ultimately named in the plaintiff's federal action before this court. The case in State Court was dismissed[1] and when the State Court refused to open the

---

[1] Prior to dismissing the plaintiff's case, the matter was tried to a court-appointed arbitrator for a trial on the merits. After a trial on the merits, the Arbitrator found for the defendants, finding specifically that the defendant was not negligent in any of the nine ways alleged in the plaintiff's complaint. (See (Exhibit "D") The plaintiff timely filed a motion for trial de-novo as a matter of right after receipt of the Arbitrator's decision.

dismissal (See Exhibit "C"), the plaintiff filed suit in United States District Court. [2]

In plaintiff's federal complaint, filed January 22, 2003, the plaintiff re-asserted the state negligence claims against the defendants New Britain Transportation Co. and David Lore and asserted for the first time, civil rights violations against the defendant David Lore and the New Britain Police Department. The plaintiff moved to cite in New Britain and the New Britain Police Department as part of his federal complaint.

As noted by the Court, in its Ruling and Order to Show Cause, dated December 21, 2004,

the plaintiff was allowed to amend his complaint twice before the filing of his last two motions to amend, which were filed April 23, 2004 (as against the Defendants, City of New Britain and New Britain Police Department) and June 5, 2004 as against the Defendants, New Britain Transportation Co. and David Lore.[3] Also, as noted by the Court, the Court dismissed all of the plaintiff's claims in its Order dated April 2, 2004 and allowed the plaintiff until April 16, 2004 to file a

---

[2] As noted by the Arbitrator in his decision, the plaintiff filed a myriad of motions many of which were confusing. Nonetheless, the defendants responded to plaintiff's motions and the case proceeded through the date . See "Case Detail" from Judicial Website" (Exhibit "E")

[3] While the Court's Ruling and Order to Show Cause indicates that the June 5, 2004 complaint "concerns only Defendants New Britain Trans. Co. and David Lore" in fact, the complaint alleges that plaintiff's damages were caused by "negligence and misconduct on Mr. David Lore, the New Britain Police Department, City of New Britain, Connecticut and the New Britain Transportation Company."

third amended complaint.[4] The plaintiff did not amend his complaint within the

fourteen day deadline prescribed by the Court but rather filed a Motion to File an

Amended Complaint as against the Defendants, City of New Britain and New

Britain Police Department on April 23, 2004 and as against the Defendants New

Britain Transportation Co. and David Lore on June 5, 2004. The Defendants,

New Britain Transportation Co. and David Lore did not respond to plaintiff's

Motion to Amend dated June 5, 2004 as they believed it to be untimely and that

the case was dismissed pursuant to the Court's order of April 2, 2004. Similarly,

the Defendants

New Britain Transportation Co. and David Lore did not respond plaintiff's

"Judgment by Default" dated October 31, 2004 because it believed the plaintiff's

claims were dismissed by the Court on April 2, 2004.[5]

**CAUSE EXISTS AS TO WHY DEFAULT SHOULD NOT ENTER AGAINST THE DEFENDANTS NEW BRITAIN TRANSPORTATION CO. AND DAVID LORE**

---

[4] The Defendants New Britain Transportation Co. and David Lore also filed a Motion to Dismiss dated June 6, 2003 which was never ruled on by the Court. This motion attacked the plaintiff's original complaint which is substantively similar to the plaintiff's third amended complaint dated June 5, 2004. As best as can be determined from comparing the original and third amended complaint, the only discernable difference between the two complaints is that the third amended complaint also cites as additional authority the "Bivens Doctrine", U.S.C.A. § 241, 242 and 262 , Section 14-704-A-1&2 under Chapter 135 Carriers' & Brokers § 14-102, 14-103, Amend XIV § 1, (3A), 10A0, 13A), negligence pursuant to C.G.S. Section § 14-243, § 14-241, § 14-232, Section 2, Clause 1, Seq. § 2 of the 13ᵗʰ amended powers aimed at Black Freedom § 12212- Alternative Means of Dispute Resolution § 112213, against all defendants, including "Mr. David Lore, the New Britain Police Department, City of New Britain, Connecticut and the New Britain Transportation Company."

[5] For reasons that are not clear from the plaintiff's "motion", the plaintiff did not seek a default against the other defendants named in his June 5, 2004 complaint.

The Defendants New Britain Transportation Co. and David Lore represent that good cause exists as to why a default should not enter against them in this action. First and foremost, the defendants have diligently defended this action since its inception in State Court. Second, the defendants have responded to the plaintiff's claims in U.S. District Court by filing a Motion to Dismiss on June 6, 2003. The defendant's motion may very well have been dispositive of the plaintiff's claims but the motion was never ruled on by the Court. Nonetheless, all of plaintiff's claims were dismissed by the Court's Order of April 2, 2004 and the defendants operated under the good faith belief that when the plaintiff failed to amend his complaint within 14 days as ordered by the court, the case was, in fact, dismissed. The plaintiff never filed any motion to set aside or open the dismissal. Nor did the plaintiff file an amended complaint as ordered by the Court. Instead, the plaintiff filed motions for leave to amend his complaint. None of those motions were granted until the time of the Court's ruling of December 21, 2004. Therefore, prior to the Court's ruling of December 21, 2004, there was no operative complaint for the defendants to respond to. Therefore, the defendants submit that they have valid defenses to plaintiff's claims including those raised in their Motion to Dismiss dated June 6, 2003. The defendants have filed with this Response to Court's Order to Show Cause a Motion to Dismiss plaintiff's complaint dated June 5, 2004.[6]

---

[6] The Defendants New Britain Transportation Co. and David Lore's Motion to Dismiss filed simultaneously with this Response re-asserts all of their claims as set out in their original Motion

**CONCLUSION:**

For the reasons set out herein, the defendants submit that good cause exist

as to why they did not respond to the plaintiff's amended complaint dated June 5,

2004 and request that they be allowed to respond to the plaintiff's complaint by

filing a motion to dismiss.

<div style="margin-left:40%">

**DEFENDANT:**
**NEW BRITAIN TRANSPORTATION**
**COMPANY**

BY _____

John A. Blazi, Esq.
Federal Bar No. CT01392
Law Offices of John A. Blazi
180 Church Street
Naugatuck, CT 06770

</div>

---

to Dismiss dated June 6, 2003. Further, the defendants incorporate by reference the Court's
ruling on the Defendants New Britain and New Britain Police Departments objection to the
plaintiff's complaint dated April 23, 2004 which re-asserted the arguments made by these
defendants in their Motion to Dismiss. To the extent that the federal claims made by the plaintiff
in his complaint dated June 5, 2004 are identical to those made by the plaintiff in his April 23,
2004, the Court's holding should have equal effect with respect to both complaints. Also, the
defendants assert in their latest Motion to Dismiss that they are not liable for any alleged violation
of the plaintiff's civil rights as the plaintiff failed to allege that the Defendants New Britain
Transportation Co. and David Lore were public officials acting under color of law such that they
could be liable for any violation of civil rights.

## **CERTIFICATION**

This is to certify that a copy of the above has been mailed this 13th Day of January, 2005, to the following counsel of record:

Charles J. Ford
63 Walnut Street
New Britain, CT.  06051

Irena J. Urbaniak, Esq.
Office of Corporation Counsel
City of New Britain
27 West Main Street
New Britain, CT. 06051

Michael Farrell, Esq.
201 Center Street
West Haven, CT 06516

Jeffery F. Lahr, Esq.
Del Sol & Del Sol, LLC
46 South Whittlesey
Wallingford, CT 06492

Jeffery A. Dempsey, Esq.
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06106

John A. Blazi, Esq.
Federal Bar No. CT01392

EXHIBIT 2

RETURN DATE/AUG. 22, 2000          SUPERIOR COURT
DOCKET NO. CV000503669S           J.D. OF HARTFORD
CHARLES J. FORD                   AT/NEW BRITAIN
        US.                        JULY 18, 2002
NEW BRITAIN TRANS. CO.

## REQUEST TO FILE

### AMENDMENT COMPLAINT

#### APPENDED

    Pursuant to the Connecticut Practice
Book Section 10-60 (3) and Section 10-12 through 10-17
the Plaintiff request to AMENDMENT of Complaint
Dated September 22, 2000.

    1) ON MAY 11, 2000, at around 10 am or 11 am,
the Plaintiff, CHARLES J. FORD, was walking in a west-
erly direction along Myrtle Street, A public
street in NEW BRITAIN, Connecticut, near the
intersection of main street, and stopped in pre-
poration to board the Bus.

ORAL AREA NOT REQ                 PLAINTIFF, CHARLES J. FORD
TEST NOT REQ                      By Charles J. Ford
CONN PRAC BOOK                    CHARLES J. FORD
SECT 231                          P.O. BOX 693
                                  NEW BRITAIN, CT. 06050
                                  TEL- 860 - 826 - 7742.

①

2.) At said time and place, the Bus owned and operated by the Defendant, New Britain Transportation Company, and driven by Dave Loaf, was traveling in a westerly direction along Myrtle street when it came to stop. While waiting for five other passengers first to board, I then went to board, on trying to enter, the bus driver closed the door's on my head, and eyeglass's, causing me to suffer serious injuries and losses that are set forth below.

3.) The Defendant's was negligent and careless in one or more of the following way's:

A) In that he failed to keep a reasonable and proper lookouts and pay attention to what he was doing;

B) In that he failed to keep and operate said bus under proper control;

C) In that he failed to sound his horn to give timely warning, or any warning whatsoever, of the impending accident.

D) In that he pulled off with person neck and head in the bus, and body moving on the road.

⊘

E) In that he operated said bus with defective or inadequate equipment or failed to apply his equipment in time to avoid said accident.

F) In that he failed to proper maintain the Law's governing the operation of his passenger's and their behavior, and his own behavior.

G) In that he served to deprive my right's, privileges, and immunities secured by the Consitution and Law's, Federal and State.

H) In that he served to break or damages phyical property in a wrongful act, and left the scene, and seizures of personal effects, unreasonable searches.

4) As a direct and proximate result of the aforesaid negligence and carelessness of the Defendant's, the Plaintiff suffered great pain to the neck, nose, head, eye's and both shoulders; In addition, the Plaintiff suffered headaches and shock to the nervous system. From all of the aforesaid injuries, or effects thereof, the Plaintiff has suffered and will continue to suffer pain, mental anguish, and nervousness, some of which injuries or effects thereof are, or are likely to be, permanant.

(3)

# COUNT - I

## VIOLATION OF CONNECTICUT GENERAL STATUTES SECTION

A) In that he violated Connecticut General Statute's Section §14-80 mechanical equipment, Failure.

B) In that he violated Connecticut General Statute's Section §14-232 passing, leaving roadway without passenger, endanger of plaintiff life.

C) In that he violated Connecticut General Statute's Section §14-295 Double or treble damages.

D) In that he violated Connecticut General Statute's Section §14-241 Turns

E) In that he violated Connecticut General Statute's Section §14-240 A Intent to harass or intimidate.

F) In that he violated Connecticut General Statutes Section §14-243 parked position and pulling out

# COUNT - II

## TORT'S - ASSAULT

A) In that he served to break or damage property in a wrongful act.

B) In that he served to break or damage

④

and physicaly injury any person.

C) In that he Failed to keep and operate said Bus under proper control.

D) In that he seeved to deprive any right's, privileges, and immunities secured by the Consitution and Low's state and Federal.

E) In that he violated Connecticut General Statutes Section § 14-295 Double or treble damages.

F) In that he violated Connecticut General Statutes Section § 14-232 passing, Leaving Roadway, endanger of Plaintiff's Life.

6) In that he violated Connecticut General Statutes Section § 14-243 parked position and pulling out.

5) As a Further result of the Defendant's negligence and caselessness the Plaintiff's condition was aggravated by the injuries, as aforesaid, the Plaintiff has incurred expenses for hospital care, medical care, x-rays, and it will be necessary for me to incur additional expense for items in the future.

6) As a Further result of the Defendant's negligence and caselessness, as aforesaid, the Plaintiff ability to enjoy Life's offering has been impaired,

⑤

WHEREFORE, the PLAINTIFF claims;

1) money damages,

2) such other relief as the court deems fair, just and equitable.

THE PLAINTIFF, PRO SE
CHARLES J. FORD
By Charles J. Ford
P.O. BOX 693
NEW BRITAIN, Ct. 06050

ORDER

THE FOREGOING having been considered by the court it is hereby ORDERED: SUSTAINED/OVERRULED,

BY THE COURT

Judge /CLERK

CERTIFICATION

THIS is to certify that a copy of the foregoing was mailed postage pre-paid, this 18, 2002, day of July, TO THE LAW OFFICE OF JOHN A. BLAZI
1138 WEST MAIN STREET
WATERBURY, Ct, 06708

6

DOCKET NO. CU000S03669S

RETURN DATE / AUG. 22, 2000

CHARLES J. FORD

       US.

NEW BRITAIN TRANS. CO.

SUPERIOR COURT

J.D. OF HARTFORD

AT / NEW BRITAIN

JULY 18, 2002

## STATEMENT OF AMOUNT IN DEMAND

THE AMOUNT, LEGAL INTEREST OR PROPERTY
IN DEMAND IS $2,500 through $14,999.99 OR MORE,
EXCLUSIVE OF INTEREST AND COSTS.

THE PLAINTIFF, PRO SE

CHARLES J. FORD

By Charles J. Ford

P.O. BOX 693

NEW BRITAIN, CT. 06050

TEL - 860 - 826 - 7242

①



⑧

EXHIBIT B

| | | |
|---|---|---|
| DOCKET NO.: CV 00-0503669 S | : | SUPERIOR COURT |
| CHARLES FORD | : | J.D. OF HARTFORD |
| VS. | : | AT NEW BRITAIN |
| NEW BRITAIN TRANSPORTATION CO. | : | APRIL 16, 2001 |

## ANSWER AND SPECIAL DEFENSES

### FIRST COUNT

1.      As to the allegations contained in Paragraph 1 of the First Count of the plaintiff's Complaint, the defendants, lack sufficient information upon which to form an opinion or belief, and therefore leaves the plaintiff to his burden of proof.

2.      That portion of the allegations stated in Paragraph 2 of the First Count of the plaintiff's Complaint which states "the bus driver closed the door's on my head, and eyeglass's, causing me to suffer serious injuries and losses that are set forth below" is denied.  As to the remaining portion of the allegations in Paragraph 2 of the plaintiff's Complaint, the defendants, lack sufficient information upon which to form an opinion or belief, and therefore leaves the plaintiff to his burden of proof.

3.      Denied.

A.      Denied.

B.      Denied.

LAW OFFICES OF JOHN A. BLAZI, ESQ., 1138 West Main Street, Waterbury, CT 06708, Juris No. 419424
Telephone: (203) 596-0600                                   FAX: (203) 596-7953

C.    Denied.

D.    Denied.

E.    Denied.

F.    Denied.

C.    Denied.

D.    Denied.

E.    Denied.

F.    Denied.

G.    Denied.

H.    Denied.

I.    Denied.

4.    That portion of the allegations stated in Paragraph 4 of the First Count of the plaintiff's Complaint which states "As a direct and proximate result of the aforesaid negligence and carelessness of the defendant's" is denied.  As to the remaining portion of the allegations in Paragraph 4 of the plaintiff's Complaint, the defendants, lack sufficient information upon which to form an opinion or belief, and therefore leaves the plaintiff to his burden of proof.

**BY WAY OF SPECIAL DEFENSES:**

The plaintiff's injuries and resultant losses were a direct and proximate consequence of his own negligence and carelessness in one or more of the following respects, in that;

      a.    he failed to keep a proper look out;

      b.    he failed to be attentive to his surroundings;

      c.    he failed to keep a proper hand-hold; and

      d.    he failed to exercise due care commensurate with the conditions that were then and there in existence.

**DEFENDANTS,**
**NEW BRITAIN TRANSPORTATION CO.**


BY       _____
            **Linda K. Herzner, Esq.**
            Law Offices of John A. Blazi
            1138 West Main Street
            Waterbury, CT  06708
            (203) 596-0600

## CERTIFICATION

This is to certify that the foregoing has been mailed postage pre-paid this **16**th day of **April, 2001** to the following counsel of record:

Charles J. Ford
P.O. Box 693
New Britain, CT 06050

_____
Linda K. Herzner, Esq.

Case 3:23-cv-... MPS   Document 82   Filed 01/03/20...   Page 19 of 25

FORD, CHARLES v.
NEW BRITAIN TRANS...
CV-00-06033660-S

THE MOTION TO REOPEN (#166.00) HAS BEEN DENIED.
MR. FORDS MONTHLY INCOME EXCEEDS HIS MONTHLY
EXPENSES BY $190.00 AND HE IS THEREFORE NOT
INDIGENT AND IS ABLE TO PAY COSTS OF SUCH IN
THIS CIVIL MATTER.

(BRYANT, J.)
1-13-03

SUPERIOR COURT
20 FRANKLIN SQUARE
NEW BRITAIN, CT   06051

DATED: JAN 13, 2003
HHB

63 WAL... ST
NEW...
06050

EXHIBIT D

| | | |
|---|---|---|
| NO. CV 00-0503669S | : | SUPERIOR COURT |
| CHARLES FORD | : | J.D. OF NEW BRITAIN |
| VS. | : | AT NEW BRITAIN |
| NEW BRITAIN TRANSPORTATION, CO. | : | JUNE 14, 2002 |

## ARBITRATORS DECISION

The above entitled matter was referred to me, a duly qualified Arbitrator, for

hearing and trial on June 7, 2002. The claim is for personal injuries alleged to have been

sustained as a result of a bus door closing on the head and shoulder area of the Plaintiff

on Main Street in New Britain, CT, occurring on May 11, 2000.

As a preliminary matter, there were a multitude of pleadings and legal

memorandum that cloud the state of this matter. The file is replete with Motions upon

Motions. After clarifying the issues with both parties, it was determined that the

dispositive pleading before the Court was the Revised Complaint dated September 22,

2000, but only the first not enumerated Count that made up the first two pages and top

paragraph of page 3 of the Revised Complaint. Accordingly, the Defendant's Answer and

Special Defense dated April 16, 2001, corresponds to the portion of Plaintiff's revised

Complaint still in issue.

The Plaintiff and Defendant both agreed that what were called Count I and Count

II of Plaintiff's complaint (which are actually Count II and Count III) are not in issue

before the Court.

From the materials, representations and arguments made to me, I hereby make

the following findings. On May 11, 2000, the Plaintiff was at or near the intersection of

Myrtle Street and Main Street in New Britain, CT between approximately 10:00 and

11:00 a.m. At that time the Plaintiff had exited the local bank and was at or near the bus

shelter at said corner. The testimony of the Plaintiff was that he waited for the bus to

arrive and then was the last one in line to enter as an older gentleman pushed his way in

front of the Plaintiff and entered the bus ahead of him. He testified that as he began to

enter the bus, the door closed around his head and then the bus moved approximately five

to six feet with the Plaintiff being pulled along with the bus. The Plaintiff submitted

medical specials of a report from the VA in Newington dated May 15, 2000 along with a

report from New Britain General Hospital dated 7/25/00 along with a bill in the amount of $156.97. He also submitted a bill from "Your Eyes" for service dated 6/24/00 for glasses that the Plaintiff claims were damaged as a result of the doors closing on his head.

The Defendant admits bits and pieces of the Plaintiff's allegations. The bus driver, David Lorie, testified that the Plaintiff did in fact have his head stuck in the door. Mr. Lorie, however, disputed where the Plaintiff came from and how his head got there. Specifically, Mr. Lorie testified that he looked to the left and the right before closing the door, checked his side mirrors for running pedestrians, and saw nobody. Then and only then did he close the doors. He indicates that the Plaintiff was not there at that time and that he must have popped his head in right as the doors closed. He also testified that the bus never moved and that he quickly opened the doors. Mr. Lorie indicates that he asked the Plaintiff if he was OK to which he responded yes.

The Defendant also submitted a videotape of a bus that was a fair and accurate depiction of the bus Mr. Lorie was operating that day. It demonstrated the field of view from the driver and the street level, the speed with which the outer door closed and the force it closed. The Defendant also submitted additional medical records as to other injuries Plaintiff sustained by the Plaintiff that were similar in nature.

Based on the materials and representations made as to liability, I conclude that the Defendant New Britain Transportation Co. was not negligent in any of the nine ways alleged by the Plaintiff in Paragraph 3 of the operative portion of the revised complaint. I do not find that the Plaintiff has met his burden of proof. As the Plaintiff has not met his burden of proof, I need not consider the damages alleged.

Accordingly, judgment should enter for the Defendant.

By_____
Allan M. Rothenberg, Esq., Arbitrator

  

Civil Inquiry Home  Prev. Page  Site Help  Comments Page  Calendar Notices

Screen Section Help: Detail Party Motions

# Case Detail

**Data Updated as of: 1/7/2005**

FORD,CHARLES J.     **v.**   NEW BRITAIN TRANS

| | |
|---|---|
| **Docket Number:** HHB-CV-00-0503669-S | **Court Location:** New Britain |
| **File Date:** Aug 04 2000 | **Return Date:** Aug 22 2000 |
| * **Last Action Date:** Jan 13 2003 | **ADR Status:** Not Applicable |
| **Case Type:** VEHICLE - MOTOR VEHICLES-PEDESTRIAN VS DRIVER | |
| **List Type:** JURY | |
| **Disposition Date:** Sep 09 2002 | |
| **Judge/Magistrate:** BY THE JUDGE | **Trial List Claim:** Nov 08 2001 |
| **Disposition:** REMOVED TO FEDERAL COURT | |

* 'Last Action Date' is a data entry date, not actual date

| Party Name & Address | Pty No. | Pltf / Def | Pro Se | Non Appear |
|---|---|---|---|---|
| CHARLES J. FORD | 01 | P | Y | |
| 63 WALNUT ST NEW BRITAIN, CT 06050 | | | | |
| NEW BRITAIN TRANSPORTATION CO. | 50 | D | | |
| Attorney: JOHN BLAZI (Juris No. 305383) | | | | |
| 180 CHURCH STREET NAUGATUCK, CT 06770 | | | | |

| Entry No | Entry Date | Description | Initiated By | Arguable | Result | Result Date | Ordered By |
|---|---|---|---|---|---|---|---|
| 101.00 | Sep 05 2000 | REQUEST TO REVISE | D | No | | | |
| 102.00 | Sep 05 2000 | OBJECTION TO DEFAULT | D | No | | | |
| 103.00 | Sep 22 2000 | AMENDED COMPLAINT | P | No | | | |
| 104.00 | Oct 12 2000 | MOT FOR NONSUIT-DISCVERY | P | No | Denied | Oct 30 2000 | Hon. JAMES GRAHAM |
| 105.00 | Oct 23 2000 | MOTION TO STRIKE | D | Yes | Granted | Mar 26 2001 | Hon. PATRICIA SWORDS |
| 106.00 | Nov 22 2000 | MOT EXTEND TIME-DSCOVERY | D | No | | | |

http://www.jud2.state.ct.us/Civil_Inquiry/DispDetail.asp                        1/10/05

| 107.00 | Nov 29 2000 | MOT FOR DEFAULT-PLEADING | P | No | Denied | Dec 11 2000 | BY THE CLERK |
| 108.00 | Dec 11 2000 | OBJECTION TO DEFAULT | D | No | | | |
| 109.00 | Dec 15 2000 | MOT PROTECTIVE ORDER | P | No | Denied | Jan 05 2001 | Hon. JAMES GRAHAM |
| 110.00 | Dec 20 2000 | OBJECTION TO MOTION | D | No | | | |
| 111.00 | Jan 18 2001 | MOT FOR DEFAULT-PLEADING | P | No | Denied | Jan 22 2001 | BY THE CLERK |
| 112.00 | Jan 29 2001 | MOT ORDER RE DISCOVERY | P | No | | | |
| 113.00 | Jan 29 2001 | OBJECTION TO MOTION | D | No | | | |
| 114.00 | Feb 16 2001 | NOTICE | P | No | | | |
| 115.00 | Feb 20 2001 | MOTION FOR JUDGMENT | P | No | | | |
| 116.00 | Feb 26 2001 | MOT FOR DEFAULT-PLEADING | P | No | Denied | Apr 10 2001 | Hon. JOSEPH SHORTALL |
| 117.00 | Feb 26 2001 | MOT PROTECTIVE ORDER | P | No | | | |
| 118.00 | Mar 12 2001 | OBJECTION TO DEFAULT | D | No | | | |
| 119.00 | Mar 12 2001 | OBJECTION TO MOTION | D | No | | | |
| 120.00 | Mar 12 2001 | OBJECTION TO MOTION | D | No | | | |
| 121.00 | Mar 12 2001 | OBJECTION TO MOTION | D | No | | | |
| 122.00 | Mar 30 2001 | MOT FOR DEFAULT-PLEADING | P | No | Denied | Apr 24 2001 | Hon. ROBERT SHAPIRO |
| 123.00 | Apr 16 2001 | MOT FOR NONSUIT-PLEADING | P | No | | | |
| 124.00 | Apr 16 2001 | MOTION TO TRANSFER | P | No | Denied | May 04 2001 | Hon. JAMES GRAHAM |
| 125.00 | Apr 17 2001 | ANS AND SPECIAL DEFENSE | D | No | | | |
| 126.00 | Apr 23 2001 | REPLY TO SPECIAL DEFENSE | P | No | | | |
| 127.00 | Apr 23 2001 | MOTION TO STRIKE | P | Yes | Denied | Jun 12 2001 | Hon. JAMES GRAHAM |
| 128.00 | May 17 2001 | OBJECTION TO MOTION | D | No | Sustained | Jun 12 2001 | Hon. JAMES GRAHAM |
| 129.00 | May 21 2001 | MOT FOR NONSUIT-GENERAL | D | No | | | |
| 130.00 | May 18 2001 | NOTICE | D | No | | | |
| 131.00 | Jun 04 2001 | NOTICE | D | No | | | |
| 132.00 | Jun 05 2001 | MOT ORDER RE DISCOVERY | P | No | Denied | Aug 06 2001 | Hon. JOSEPH SHORTALL |
| 132.50 | Jun 05 2001 | MOT FOR NONSUIT-DISCVERY | P | No | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 133.00 | Jun 05 2001 | OBJECTION TO NONSUIT | P | No | Order | Aug 06 2001 | Hon. JOSEPH SHORTALL |
| 134.00 | Jun 25 2001 | MOTION FOR JUDGMENT | P | No | Denied | Aug 06 2001 | Hon. JOSEPH SHORTALL |
| 135.00 | Jun 25 2001 | OBJECTION TO NONSUIT | P | No | Sustained | Aug 06 2001 | Hon. JOSEPH SHORTALL |
| 136.00 | Aug 03 2001 | MOT CITE ADDITIONAL PRTY | P | No | Denied | Sep 17 2001 | Hon. MARSHALL BERGER |
| 137.00 | Aug 03 2001 | SUPPORTING MEMORANDUM | P | No | | | |
| 138.00 | Aug 10 2001 | DISCLOSURE OF DEFENSE | P | No | | | |
| 139.00 | Aug 13 2001 | MOT DFLT-FLR TO DISC DEF | P | No | Denied | Sep 17 2001 | Hon. MARSHALL BERGER |
| 139.70 | Aug 17 2001 | DOCKET MANAGEMT-PLEADING | Court | | | | |
| 140.00 | Sep 04 2001 | OBJECTION TO DEFAULT | D | No | | | |
| 141.00 | Sep 05 2001 | MOT PROTECTIVE ORDER | P | No | Denied | Oct 29 2001 | Hon. MARSHALL BERGER |
| 142.00 | Oct 18 2001 | MOTION FOR WAIVER | P | No | Granted | Oct 21 2001 | Hon. MARSHALL BERGER |
| 143.00 | Oct 24 2001 | CLAIM FOR JURY OF 6 | P | No | | | |
| 144.00 | Nov 06 2001 | TRIAL LIST | | Yes | | | |
| 145.00 | Dec 04 2001 | APPL FOR PRO SE SUBPOENA | P | No | Denied | May 20 2002 | Hon. MARSHALL BERGER |
| 146.00 | Feb 02 2002 | APPL FOR PRO SE SUBPOENA | P | No | Order | May 20 2002 | Hon. MARSHALL BERGER |
| 147.00 | May 20 2002 | SUBPOENA ISSUED | Court | No | | | |
| 148.00 | May 10 2002 | MOT PROTECTIVE ORDER | P | No | | | |
| 149.00 | May 23 2002 | NOTICE | P | No | | | |
| 150.00 | May 31 2002 | MOTION FOR CONTINUANCE | D | No | Denied | Jun 06 2002 | Hon. MARSHALL BERGER |
| 151.00 | May 31 2002 | MOTION TO TRANSFER | P | No | Denied | Jun 25 2002 | Hon. MARSHALL BERGER |
| 152.00 | Jun 17 2002 | ARBITRATOR'S DECISION | Court | No | | | |
| 153.00 | Jun 19 2002 | TRIAL DE NOVO DEMND(ARB) | P | No | | | |
| 154.00 | Jul 01 2002 | MOTION FOR ORDER | P | No | | | |
| | Jul 18 | REQ TO AMEND | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 155.00 | 2002 | COMPLAINT | P | No | | | |
| 156.00 | Jul 22 2002 | MOTION FOR CONTINUANCE | D | No | Granted | Jul 29 2002 | Hon. MARSHALL BERGER |
| 157.00 | Jul 23 2002 | MOT ORDER RE DISCOVERY | P | No | | | |
| 157.25 | Jul 23 2002 | MOT FOR NONSUIT-PLEADING | P | No | | | |
| 158.00 | Aug 01 2002 | OBJECTION TO REQUEST | D | No | Sustained | Aug 19 2002 | Hon. MARSHALL BERGER |
| 159.00 | Aug 02 2002 | OBJECTION TO MOTION | P | No | | | |
| 160.00 | Aug 28 2002 | MOTION TO TRANSFER | P | No | Denied | Aug 29 2002 | Hon. MARSHALL BERGER |
| 161.00 | Sep 09 2002 | PET REMOVE TO FED COURT | P | No | | | |
| 162.00 | Sep 09 2002 | REMOVED TO FEDERAL COURT | | Yes | | Sep 09 2002 | BY THE JUDGE |
| 163.00 | Sep 09 2002 | OBJECTION TO MOTION | D | No | | | |
| 164.00 | Nov 20 2002 | MOTION FOR WAIVER | P | No | Denied | Nov 20 2002 | Hon. VANESSA BRYANT |
| 165.00 | Nov 26 2002 | MOTION FOR WAIVER | P | No | Denied | Dec 10 2002 | Hon. VANESSA BRYANT |
| 166.00 | Dec 18 2002 | MOT TO OPEN JUDGMENT | P | No | Denied | Jan 13 2003 | Hon. VANESSA BRYANT |

Periodic changes to terminology may be made which do not affect the status of the case.

Attorneys | Case Look-up | Courts | Directories | Educational Resources | E-Services | FAQ's | Juror Information | News & Updates | Opinions | Opportunities | Self-Help |

Common Legal Terms | Contact Us | Site Map